UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

RYAN TYRRELL PATRICK, and
JAMES FREDRICK EVANS,

    Petitioners,

v.

FIDELITY BROKERAGE SERVICES, LLC,

    Respondent.
_____/

CASE NO. __

**PETITION TO CONFIRM ARBITRATION AWARD DIRECTING EXPUNGEMENT AND TO ISSUE ORDER FOR EXPUNGEMENT OF CRD RECORD**

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, Ryan Tyrrell Patrick ("Mr. Patrick") and James Frederick Evans ("Mr. Evans") (collectively, "Petitioners") respectfully request that this Court issue an Order confirming the Arbitration Award issued in FINRA Dispute Resolution Case No. 21-02940 on November 15, 2022 (the "Arbitration Award"), which grants the Petitioners request for expungement of two (2) matters from Mr. Patrick's FINRA registration record and of one (1) matter from Mr. Evans' FINRA registration record. In support of this petition, Petitioners state as follows:

**PARTIES**

1. Mr. Patrick is an individual who resides in Hillsborough County, Florida. He is therefore a citizen of the State of Florida.

06678451.3

2. Mr. Evans is an individual who resides in St. Johns County, Florida. He is therefore a citizen of the State of Florida.

3. Fidelity is a corporation organized under the laws of the State of Delaware, with its principal place of business in Boston, Massachusetts. It is authorized to do business and is doing business in the State of Florida. It is therefore a citizen of the states of Delaware and Massachusetts.

## JURISDICTION AND VENUE

4. This Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because Petitioners are citizens of a different state than Respondent and the amount in controversy exceeds $75,000, exclusive of attorney's fees, interest and costs.

5. Venue is proper pursuant to the Federal Arbitration Act, 9 U.S.C. § 9 because this is the United States court in and for the district within which such award was made, as well as 28 U.S.C. §1391(b), because a substantial part of the events giving rise to this action occurred in this district.

## GENERAL FACTUAL ALLEGATIONS

6. On November 30, 2021, Yvonne Lyon ("Ms. Lyon") filed an arbitration proceeding before FINRA against Petitioners and Fidelity, identified as FINRA Dispute Resolution Case No. 21-02940. On August 11, 2022, Ms. Lyon and Fidelity entered into an agreement to settle all claims against Petitioners and Fidelity, and dismiss all claims with prejudice.

7. Petitioners subsequently filed a motion asking that the arbitration Panel enter an order directing the expungement of several matters from their records maintained in the FINRA Central Registration Depository ("CRD") and also requested a hearing on their motion.

4. The hearing was held on October 19, 2022. The arbitration hearing site was Tampa, Florida. After considering the evidence presented, the arbitration Panel entered an Award on November 15, 2022 that recommended the expungement of all references to occurrence numbers 2061466 and 2177943 from Mr. Patrick's CRD (no. 5904654) and all references to occurrence number 2174894 from Mr. Evans' CRD (no. 5059891). A copy of the Award is attached hereto as Exhibit A.

5. Pursuant to FINRA Rule 2080, the arbitration Panel found that "[t]he claim, allegation or information is factually impossible or clearly erroneous. The registered person was not involved in the alleged investment-related sales practice violation, forgery, theft, misappropriation, or conversion of funds. The claim, allegation, or information is false." *Id.* at 3.

6. The Panel recommended "the expungement of all references to the above-captioned arbitration (Occurrence Numbers 2061466 and 2177943 for Respondent Patrick and Occurrence Number 2174894 for Respondent Evans) from registration records maintained by the CRD for Respondent Patrick (CRD Number 5904654) and Respondent Evans (CRD Number 5059891)...." *Id.*

7. Pursuant to FINRA rules, confirmation from a court of competent jurisdiction is required before such an expungement directive will be honored by the

06678451.3

CRD. A copy of FINRA Rule 2080, which sets forth this requirement, is attached hereto as Exhibit B.

8. The Rule further requires the persons petitioning a court to name FINRA unless FINRA waives the requirement that it be named. On December 21, 2022, FINRA granted Petitioners' request for waiver of the requirement to name FINRA in accordance with FINRA Rule 2080. Thus, FINRA is not named as a party hereto in accordance with that Rule. The FINRA waiver approval letter is attached hereto as Exhibit C.

9. The sole purpose of this suit is to obtain confirmation of the Award recommending expungement so that the CRD will honor the expungement directive. No other relief is requested from this Court in connection with the arbitration award.

10. Respondent Fidelity consents to the relief sought by Petitioners.

## RELIEF REQUESTED

11. Petitioners request that the Court confirm the Award recommending expungement and enter an order directing expungement in accordance with the Panel's order. A copy of the proposed Order is attached hereto as Exhibit D. Petitioners will pay all court costs associated with this proceeding.

12. Pursuant to U.S.C. § 9, this Petition is timely brought within one year of the delivery of the Arbitration Award to Petitioners.

13. The Arbitration Award has not been vacated, modified, or corrected by order of any court and there are no grounds to vacate or modify the award.

06678451.3

14. Pursuant to 9 U.S.C. § 9, Petitioners are entitled to a judgment confirming the Arbitration Award recommending expungement of all references to the FINRA arbitration from Mr. Patrick and Mr. Evans' registration records maintained by the CRD.

WHEREFORE, Petitioners respectfully request that the Court enter an order confirming the arbitration Award recommending expungement and directing the CRD to expunge Mr. Patrick's Occurrence Nos. 2061466 and 2177943 and Mr. Evans' Occurrence No. 2174894 from Petitioners' records, that all costs be charged to Petitioners, and for such other relief which the Court deems just.

Dated: January 19, 2023

By: /s/ *Kathryn Roe Eldridge*
Kathryn Roe Eldridge / FBN 105882
Destinee C. Small / FBN 1036554
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North, Suite 1700
Birmingham, Alabama 35203-2602
Telephone: (205) 254-1205
E-mail: keldridge@maynardcooper.com
*Counsel for Petitioners*

06678451.3